IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN DEWIGHT HONESTY, # 32584-037　*

Petitioner　*　Civil Action No.  WMN-12-2480

v　*

UNITED STATES OF AMERICA　*

Respondent　*

\*\*\*

**MEMORANDUM**

Pending is self-represented petitioner Kevin Dewight Honesty's ("Honesty") "Onmibus Motion to Modify Sentence 18 U.S.C. § 3582 (c) (1) (B) Petition for Writ of Mandamus." ECF No. 1. For reasons to follow, this court will dismiss the Motion with prejudice.

**Background**

Honesty, who is currently confined in the Federal Correctional Institution in Butner, North Carolina, pleaded guilty to bank robbery and a related firearms offense in violation of 18 U.S.C. §§ 2113(a)(d)(1) and  924(c)(1)(A)(i)(ii), and  is serving a sentence of 18 years imprisonment to be followed by three years of supervised release. *See United States v. Honesty*, Criminal Action No. BEL-02-545 (D. Md.  2006).

In the instant pleading, Honesty claims he was improperly convicted and requests vacatur of his sentence under 18 U.S.C. § 3582 (c)(1)(B), the "All Writs Act," 28 U.S.C. § 1361, and 28 U.S.C. § 2241, baldly claiming the  Honorable Benson Everett Legg, the presiding judge in his criminal case, displayed "bias and prejudice" against him. ECF No. 1 at 3. [1]

---

[1]  Honesty also requests that Judge Legg recuse himself in the instant matter.  For obvious reasons, the request for recusal is moot. Honesty has also failed to provide an affidavit of bias as is required under 28 U.S.C. § 144.

Honesty posits he was coerced into his plea agreement by the prosecution, the plea agreement was later breached, and his right to due process was violated.  *See id.* at 4- 6. Although Honesty is in effect challenging his underlying criminal conviction and sentence, he instructs that his pleading is not to be construed under 28 U.S.C. § 2255. *See id.* at 2.

### Analysis

As a preliminary matter, the undersigned finds Honesty fails to provide, and the record does not remotely suggest, any factual or legal basis to question the impartiality of the presiding judge in his criminal case.  *See* 28 U.S.C. § 455; *see also In re Beard*, 811 F.2d 818 (4th Cir. 1987).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [T]hey ... can only in the rarest circumstances evidence the degree of favoritism or antagonism required [to make fair judgment impossible] when no extrajudicial source is involved." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (citation omitted); *see also Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir.1984) ("Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."). Honesty has failed to produce evidence of any extrajudicial source of bias.  Honesty's claims are instead based on his disappointment with the outcome of his case.

Further, a court may not modify a term of imprisonment once has been imposed unless certain statutorily prescribed exceptions apply. *See* 18 U.S.C. § 3582 (c).  Section 3582 defines the circumstances under which district courts may modify sentences and otherwise prohibits district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(C)(1)(B).  Honesty's claim that 28 U.S.C.

§ 2241 provides a statutory basis for review under 18 U.S.C. § 3582(C)(1)(B) is unavailing for several reasons.

First, a § 2241 petition attacks the manner in which a sentence is executed and is usually filed in the district where the inmate is in custody.  *See* 28 U.S.C.  § 2241; *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973).  By contrast, a § 2255 motion, which is brought in the court that imposed sentence, challenges the validity of a conviction or sentence. *See* 28 U.S.C. ' 2255; *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*).  Although Honesty asserts his motion should not be construed under 28 U.S.C. § 2255, his motion poses a challenge to his underlying judgment of conviction; thus, § 2255 is the presumptive means for him to collaterally attack his conviction and sentence.  *See Davis v. United States*, 417 U.S. 333, 343 (1974).  Regardless of the title Honesty has affixed to the petition, the subject matter determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

Next, Honesty appears to argue § 2255 provides inadequate relief because his claims are time-barred.  ECF No. 1 at 5 and 8.  Under the "savings clause" set forth at 28 U.S.C. § 2255(e), relief may be sought under 28 U.S.C. § 2241 when § 2255 is inadequate and ineffective to test the legality of a conviction if: 1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).  Honesty does not satisfy these requirements.  Further, a § 2255 motion is neither inadequate nor ineffective because a prior § 2255 motion was

denied, or relief is procedurally barred. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*); *Swain v. Pressley*, 430 U.S. 372, 381 (1977). In sum, Honesty cannot proceed pursuant to the Savings Clause and his claims are not properly presented here under 28 U.S.C. § 2241.

To the extent Honesty requests mandamus relief, he fails to show a clear right to the relief sought. *See In re First Federal Savings & Loan Association,* 860 F.2d 135, 138 (4th Cir. 1988). Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *See Kerr v. United States District Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003). Three conditions must be met before a writ of mandamus will issue: 1) the petitioner must lack adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process; 2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court must be convinced, given the circumstances, that the issuance of the writ is warranted. *See Cheney v. U.S. District Court*, 542 U.S. 367, 380-81 (2004). Honesty fails to satisfy this standard; he has an alternative means to obtain relief under 28 U.S.C. § 2255 and, in any case, has failed to demonstrate a clear and indisputable right to the writ.

Lastly, insofar as a certificate of appealability may be required, the Court finds the legal standard for issuance has not been met. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

**Conclusion**

Honesty provides no grounds to modify his sentence under 18 U.S.C. § 3582.

Accordingly, this case will be dismissed by separate order.


 _September 27, 2012_                          _____/s/_____
Date                                               William M. Nickerson
                                                       Senior United States District Judge